NAPA VALLEY ELECTRIC COMPANY *v.* RAIL-ROAD COMMISSION OF THE STATE OF CALIFORNIA ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 401. Argued December 12, 1919.—Decided January 19, 1920.

Under § 67 of the Public Utilities Act of California, as construed by the Supreme Court of the State, a petition to that court for a writ of review to bring up proceedings of the Board of Railroad Commissioners in which rates for electric power were fixed in alleged violation of constitutional rights and excess of the Board's jurisdiction, may be disposed of upon the merits, by an order simply refusing the writ, if the facts are fully stated in the petition, the provisions for issuing such writ and for subsequent decision upon the record from the Board not being mandatory in such cases. P. 370.

In a suit brought in the District Court to enjoin enforcement of rates fixed by such Board, it will be presumed that a petition, not in the record, upon which the state Supreme Court refused a writ of review,

exhibited the Board's proceedings and presented the questions which that court was empowered to decide, viz., whether the Board pursued its authority and whether any constitutional right, state or federal, was violated; and the order refusing the writ will be deemed conclusive of such questions, although not accompanied by an opinion of the state court. P. 372.

257 Fed. Rep. 197, affirmed.

THE case is stated in the opinion.

*Mr. D. L. Beard,* with whom *Mr. Milton T. U'Ren* was on the brief, for appellant.

*Mr. Douglas Brookman* for appellees.

MR. JUSTICE McKENNA delivered the opinion of the court.

Appeal from decree of the District Court dismissing bill of appellant, herein called the Electric Company, upon motion of appellees, herein called the Commission.

The ground of the motion and the decree sustaining it was that it appeared from the averments of the bill that the controversy it stated was *res judicata.* The bill is long but the grounds of it can be stated with fair brevity. The Electric Company is a California corporation and has been engaged for more than ten years in supplying electricity (called in the bill electric energy) for domestic use in the town of St. Helena and vicinity and the Calistoga Electric Company, also a California corporation, has been for seven years a distributing agency of the Electric Company and the latter is not as to the Calistoga Company a public utility. By virtue of certain circumstances the Electric Company entered into a contract with one E. L. Armstrong by which it agreed not to extend its lines into Calistoga territory, and Armstrong agreed to buy from it all of the electricity to be sold by him for 18 years. At that time the Electric Company under the

laws of California had a right to extend its lines and become a competitor of other companies or individuals.

September 14, 1911, the Calistoga Company became the successor in interest of Armstrong and to his rights and obligations under the contract with the Electric Company, and the Calistoga Company acknowledged the fact of such succession and continued to buy its electricity from the Electric Company at the rates set forth in the contract, until November 18, 1913, when it petitioned the Commission to set aside the contract and compel the Electric Company to accept other rates than those mentioned in the contract.

The Electric Company answered the petition, set up the contract and alleged that any change in its rates would be a violation of § 10, Article I, of the Constitution of the United States and the Fourteenth Amendment thereto.

January 24, 1914, the Commission instituted an investigation on its own motion which with the petition of the Calistoga Company was consolidated. The petitions were heard together upon evidence and submitted.

The Commission subsequently made an order fixing rates much less than those of the contract.

June 20, 1914, the Electric Company filed a petition for rehearing, setting up its rights under the Constitution of the United States. A rehearing was denied.

May 1, 1914, the Electric Company and the Calistoga Company entered into an agreement fixing rates subject to the approval of the Commission which the Calistoga Company agreed to secure. It did secure an informal approval of them and paid them until June 27, 1916.

The rates fixed by the Commission never became effective and therefore the Electric Company did not petition for a review of them by the Supreme Court of the State nor commence proceedings in any court of the United States to enjoin the order establishing them or to have it set aside as null and void.

June 27, 1916, the Calistoga Company again petitioned the Commission to establish other rates than those fixed in the agreement of that company with the Electric Company. The latter company filed a counter petition to have established the rates fixed in the contract of May 1, 1914 (reduced to writing September 15, 1914), and the petition and that of the Calistoga Company came on to be heard and after evidence adduced the Commission, November 15, 1916, reduced the rates fixed in the written contract of September 15, 1914, and made the reduced rates effective December 20, 1916.

A rehearing was denied May 24, 1917, and on June 20, 1917, the Electric Company duly filed a petition in the Supreme Court of the State of California praying that a writ of review issue commanding the Commission on a day named to certify to the court a full and complete record of the proceedings before the Commission, and that upon a return of the writ the orders and decisions of the Commission be reversed, vacated and annulled upon the ground that they violated the company's rights under the Constitution of the United States, particularly under § 10, Article I, and under § 1 of Article XIV of the Amendments thereto. The Supreme Court of California denied the "Petition for a Writ of Review and refused to issue a Writ of Review, as prayed for in said Petition."

On or about January 27, 1918, the California Light & Telephone Company became a party to the contracts between the Electric Company and the Calistoga Company by reason of conveyances from the latter company.

In the present bill it is alleged that the orders and decisions of the Commission were illegal, were in excess of its jurisdiction and that the Electric Company has no adequate remedy at law; and it prays a decree declaring the orders and decisions null and void, that they be enjoined of enforcement or of being made the basis of suits against the company to enforce them.

The Commission and other defendants moved to dismiss on the ground that it appeared from the allegations of the bill that "the subject matter thereof is *res judicata*" and that there was no ground stated entitling the company to the relief prayed. The motion was granted and to the decree adjudging a dismissal of the bill this writ of error is directed.

The District Court (Judge Van Fleet) based its ruling upon the allegations of the bill that the Electric Company filed in the Supreme Court a petition for a review of the decision and order of the Commission and for their annulment, and that the Supreme Court denied the petition.

The Electric Company to the ruling of the court opposes the contention that the Supreme Court denied the company's "petition for a preliminary writ and refused to even cause the record in the case certified by the Commission to be brought up," and therefore "simply refused to entertain jurisdiction of the controversy." And, it is the further contention, that the court could neither affirm nor set aside the orders of the Commission until the record was certified to it and the parties were before it and after formal hearing in the matter.

The contention is based on § 67 of the Public Utilities Act of the State. The section is too long to quote. It is part of the procedure provided by the State for the execution of its policy in regard to the public utilities of the State, and affords a review of the action of the Commission regulating them. It is quite circumstantial and explicit. It provides for a review of the action of the Commission by writ of certiorari or review from the Supreme Court of the State which "shall direct the commission to certify its record in the case to the court," the cause to "be heard on the record of the commission as certified to by it." No other evidence is to be received and the review is confined to an inquiry "whether the commission has regularly pursued its authority" or

whether its order or decision "violates any right of the petitioner under the constitution of the United States or of the State of California." The findings and conclusions of the Commission on questions of fact are to be final. The Commission and the parties have the right of appearance and upon the hearing the court "shall enter judgment either affirming or setting aside the order or decision of the commission." The Civil Code of the State is made applicable so far as it is not inconsistent with the prescribed proceedings and no court of the State except the Supreme Court to the extent specified shall have jurisdiction over any order or decision of the Commission except "that the writ of mandamus shall lie from the supreme court to the commission in all proper cases."

These provisions, counsel insist were not observed and that therefore there was not and could not have been "an adjudication of the controversy" by the Supreme Court. There was nothing, it is insisted, but the Electric Company's petition before the court, and that none of the essential requirements of § 67 were observed. No writ of review was issued—none certified by the Commission or returned, no return day fixed or hearing had on a certified record, no appearance of the parties, no order of the court affirming or setting aside the Commission's order. In other words, the substance of the contention is that the court instead of hearing refused to hear, instead of adjudicating refused to adjudicate, and that from this negation of action or decision there cannot be an assertion of action or decision with the estopping force of *res judicata* assigned to it by the District Court.

Counsel to sustain the position that he has assumed and contends for insists upon a literal reading of the statute and a discussion of the elements of *res judicata*. We need not follow counsel into the latter. They are

familiar and necessarily cannot be put out of mind, and the insistence upon the literalism of the statute meets in resistance the common and, at times, necessary practice, of courts to determine upon the face of a pleading what action should be taken upon it. The petition is not in the record. We may presume it was circumstantial in its exposition of the proceedings before the Commission and of the latter's decisions and orders, and exhibited and submitted to the court the questions it was authorized to entertain—whether the Commission "pursued its authority, including a determination of whether the order or decision" violated "any right" of the company "under the constitution of the United States or of the State of California."

Whether upon such an exhibition of the proceedings and questions the court was required to pursue the details of the section or decide upon the petition was a matter of the construction of the section and the procedure under it. And the Supreme Court has so decided. *Ghriest* v. *Railroad Commission*, 170 California, 63; *Mt. Konocti Light & Power Co.* v. *Thelen*, 170 California, 468; *E. Clemens Horst Co.* v. *Railroad Commission*, 175 California, 660; *Hooper & Co.* v. *Railroad Commission, Id.* 811. In those cases the applications for writs of certiorari were denied, which was tantamount to a decision of the court that the orders and decisions of the Commission did not exceed its authority or violate any right of the several petitioners under the Constitution of the United States or of the State of California. And so with the denial of the petition of the Electric Company—it had like effect and was the exercise of the judicial powers of the court. And we repeat, to enable the invocation of such powers was the purpose of § 67, and they could be exercised upon the display in the petition of the proceedings before the Commission and of the grounds upon which they were assailed. And

we agree with the District Court that "the denial of the petition was necessarily a final judicial determination, . . . based on the identical rights" asserted in that court and repeated here. *Williams* v. *Bruffy*, 102 U. S. 248, 255. And further, to quote the District Court, "Such a determination is as effectual as an estoppel as would have been a formal judgment upon issues of fact." *Calaf* v. *Calaf*, 232 U. S. 371; *Hart Steel Co.* v. *Railroad Supply Co.*, 244 U. S. 294, 299.

The court held, and we concur, that absence of an opinion by the Supreme Court did not affect the quality of its decision or detract from its efficacy as a judgment upon the questions presented, and its subsequent conclusive effect upon the rights of the Electric Company. Therefore the decree of the District Court is

*Affirmed.*