UNITED STATES FIDELITY & GUARANTY CO. v. BLANKENHORN, et al.

District Court, N. D. California, S. D. November 1, 1927.

No. 1870.

1. Courts ⬤⟹262(2)—Enforcement of compensation awards, as violative of equal protection and due process clauses, will not be restrained, where no rehearing or appellate review in state courts was sought (Workmen's Compensation Act of California; Const. U. S. Amend. 14).

Where no application for rehearing respecting supplementary compensation awards was made to state Industrial Accident Commission, nor for review to the state appellate courts, under the exclusive method for review provided by Workmen's Compensation Act (St. Cal. 1917, p. 831), motion to dismiss suit to enjoin enforcement of the awards, as denying equal protection of laws and due process of law, in violation of Const. U. S. Amend. 14, will be granted.

2. Judgment ⬤⟹828(3)—State Supreme Court's denial of certiorari without opinion. held res judicata in federal court.

Where California Supreme Court without opinion denied certiorari to review supplemental awards of the state Industrial Accident Commission, asserted to be invalid on the same grounds alleged in complaint in federal court suit to enjoin enforcement of the awards, the denial was an adjudication of the questions on the merits, assignable as res judicata in the federal suit.

3. Judgment ⬤⟹540—Determination by court having jurisdiction of parties and subject-matter binds parties and privies, so long as unmodified or unreversed.

Determination, by a court having jurisdiction of the parties and of the subject-matter of a question embraced by the issues, binds the parties and their privies, so long as the judgment remains unmodified or unreversed, whatever may be the nature of the question presented, and whether depending on federal, general, or local law.

In Equity. Suit by the United States Fidelity & Guaranty Company against William Blankenhorn and others. On defendants' motion to dismiss the bill of complaint. Motion granted.

J. H. Sapiro, Maxwell McNutt, and H. W. B. Smith, all of San Francisco, Cal., for complainant.

W. F. Williamson, of San Francisco, Cal., for respondents.

ST. SURE, District Judge. Motion to dismiss bill of complaint in equity, brought to "set aside, cancel, and restrain the enforcement of a purported judgment of the superi-

or court of the state of California, in and for the city and county of San Francisco, entered in accordance with a purported supplemental award of the Industrial Accident Commission of said state, and to set aside, cancel, and restrain two purported supplemental awards of the said Industrial Accident Commission," on the grounds that complainant is deprived of equal protection of the law under the Fourteenth Amendment to the Constitution of the United States; that the provision of the Workmen's Compensation Act (St. 1917, p. 831) declaring that, even though an award of said commission be void on its face for want of jurisdiction, it is nevertheless a valid award, and cannot be restrained by an injunction, is discriminatory, and a denial of equal protection of the laws, in violation of the Fourteenth Amendment to the United States Constitution; that the judgment and awards sought to be restrained are void on their face, because they show that at the time they were made the Industrial Accident Commission had no jurisdiction to make *any* orders in the proceeding; that the Fourteenth Amendment is violated in deprivation of property without due process, and in arbitrary, oppressive, and unreasonable action.

It is alleged that irreparable damage will result if the judgment and award are not canceled, and set aside and the enforcement thereof restrained; also that complainant has no remedy at law. The bill is brought against the beneficiary of the award of the Industrial Accident Commission, the Ford Motor Company, his employer at the time the injury occurred on which the awards were made, Joseph L. Sarto, a nurse of the injured man, and the sheriff, charged with execution of the judgment.

The judgment sought to be restrained was entered upon an award of the Industrial Accident Commission, and claimed to be void because based on a so-called supplemental award, which complainant attacks as made without jurisdiction, in that it appears on its face to have been made more than 245 weeks after the injury, for continuing medical attention and hospital care of Blankenhorn, the injured employee. The clause of the act applicable (section 20[d]) reads in part as follows:

"The Commission shall have continuing jurisdiction over all its orders, decisions and awards " * * provided, that no award of compensation shall be rescinded, altered or amended after two hundred forty-five weeks from the date of the injury. Any order, deci-

sion or award rescinding, altering or amending a prior order, decision or award shall have the same effect as is herein provided for original orders, decisions or awards." St. 1917, p. 850.

It is true that the so-called supplemental award bears date, as does the letter application leading to the hearing resulting in the award, later than 245 weeks from the date of the injury to Blankenhorn, under which he received compensation for a total disability. But the proceedings resulting in the original award were well within the time limited. Moreover, in the original findings, the following language was used: "At all times since the injury, and by reason thereof, the applicant has been in need of medical and hospital care, as distinguished from mere waiting upon his bodily needs, for the purpose of relieving from the results of said injury and preserving his life, and he is entitled to have his past care paid for and his future care provided by said defendants."

And in the order on such findings this appears: "It is further ordered that said defendant furnish to him suitable medical and hospital care for his further and continued relief from the results of said injury, and unless the same be furnished the employee may obtain the same at his own expense, and said defendant shall be liable for the reasonable cost thereof; such cost to be thereafter determined and supplemental award made therefor is requested by any party in interest."

On the original proceedings complainant appeared at all hearings, asked rehearing, and, on denial, review in the District Court of Appeal and the Supreme Court of the state. Review in both appellate courts was denied. On the supplemental proceedings referred to, complainant objected throughout against the allowance of an additional amount of award on all the grounds now urged for restraining the enforcement of the judgment and award and execution thereon. The award, so called, was made, and rehearing denied, on which complainant, as was its right, applied to the Supreme Court for a writ of review. Copy of the petition for review in the Supreme Court has been filed in this case by respondents in support of their motion to dismiss. It discloses that every ground of the bill in equity here was urged as a reason for the allowance of the writ of review by the Supreme Court. These included the alleged violations of constitutional guaranties, both state and federal. Special point was also made of the position, taken

here, that the supplemental award was void and beyond the jurisdiction of the commission, either as a modifying or rescinding order, or as in furtherance of a reservation made in the original award.

In Thaxter v. Finn, 178 Cal. 270, 173 P. 163, the view was taken that the only manner in which orders of the Industrial Accident Commission might be reviewed was by writ of review in the appellate courts, and that an award or judgment based thereon could not be collaterally attacked. This was followed and approved in North Pacific Steamship Co. v. Soley, 193 Cal. 138, 223 P. 462.

The opinion denying rehearing of the award of January 8, 1926, which is called here the original award, states: "That the decision of January 8, 1926, while in form of new findings and award, was in effect a repetition of the former decision, with the addition of the liability of the defendant for medical expenses, and therefore that the commission had jurisdiction in the premises." Order denying rehearing by Industrial Accident Commission, February 26, 1926.

In Hogeberg et al. v. Industrial Accident Commission et al. (Cal. Sup.) 256 P. 413, it is said: "To determine the character and scope of an adjudication, the entire record of the prior action is to be examined. Watson v. Lawson, 166 Cal. 235, 241, 135 P. 961; Smith v. Auld, 31 Kan. 262, 266, 1 P. 626."

It is urged, in rebutting the motion to dismiss on the ground that the questions raised are res judicata, that the case of Simon v. Southern R. Co., 236 U. S. 117, 35 S. Ct. 255, 59 L. Ed. 492, applies, and that this action, as that, is to prevent trespass by the use of a void judgment. Attention is called, also, to the fact that Judge Bourquin refused to dismiss a proceeding similar to this (North Pacific Steamship Co. v. Bridget Bolger, 424 Equity), on the authority of the Simon Case, supra. The latter is true, but the same case was later dismissed for want of jurisdiction by Hon. William C. Van Fleet, and is therefore not a criterion for this case. The Simon Case was vastly different. I feel that the motion to dismiss must be granted on the grounds raised by respondents, and that the Simon Case will be found not to be applicable.

[1] In the first place, to the second so-called supplementary findings and award complained of, there appears to have been no application for rehearing before the commission, nor any application for review to either of the appellate courts. Thus the only remedy provided by the act, and passed on as such by the Supreme Court in Thaxter v. Finn, was not taken advantage of by the complainant. But the facts and circumstances leading to and resulting in this award were exactly the same as those in the so-called supplemental award in respect to which every step of the procedure authorized was taken, though unsuccessfully. It may be said, then, that, if complainant is without remedy at law as to the second award, it is due to his own neglect.

[2] As to the so-called original award, and the first supplementary award for medical services, made after the 245 weeks limited, the denial of certiorari by the Supreme Court, though without opinion, must be held to have determined the questions raised by complainant on application for the writ against him; and, as we have said, with the exception of threatened trespass by way of execution on the judgment by the sheriff, every question, the basis of the bill here, was raised in the Supreme Court. These include the jurisdiction of the commission; invasion of federal and state constitutional rights; that the supplemental awards were alterations or amendments of the original award; that those given liens are not proper lien claimants; and all other points before enumerated. The absence of an opinion does not alter the fact that the questions were determined.

In Napa Valley Electric Co. v. Railroad Commission of the State of California, 251 U. S. 366, 40 S. Ct. 174, 64 L. Ed. 310, it is said: "In a suit brought in the District Court to enjoin enforcement of rates fixed by such board, it will be presumed that a petition, not in the record, upon which the state Supreme Court refused a writ of review, exhibited the board's proceedings, and presented the questions which that court was empowered to decide, viz. whether the board pursued its authority and whether any constitutional right, state or federal, was violated; and the order refusing the writ will be deemed conclusive of such questions," although not accompanied by an opinion of the state court. " 'The denial of the petition was necessarily a final judicial determination * * * based on the identical rights' asserted in that court and repeated here. * * * 'Such a determination is as effectual * * * an estoppel as would have been a formal judgment upon issues of fact.' * * * The court held, and we concur, that absence of an opinion by the Supreme Court did not affect the quality of its decision or detract from its efficacy as a judgment upon the questions presented, and its subsequent conclusive effect upon the rights of the electric company."

We need indulge in no presumption as to the contents of the application for the writ of review in the Supreme Court. It is before us. It must be held, then, that the Supreme Court, acting on state legislation, has determined that the Industrial Accident Commission had jurisdiction; that it did not act in excess of its powers; that the state and federal constitutional rights have not been invaded; that the awards called supplemental were not alterations or amendments of the original award, but merely orders in furtherance of the provision of the original award, and that such provision was within the powers of the commission; also that it was within the power of the commission to grant liens for the amounts paid for the objects of the reservation. By these determinations we are bound, and the matters, as to both awards, both being the same, are res judicata.

[3] "Whatever may be the nature of a question presented for judicial determination, whether depending on federal, general, or local law, if it be embraced by the issues made, its determination by a court having jurisdiction of the parties and of the subject-matter binds the parties and their privies, so long as the judgment remains unmodified or unreversed." Mitchell v. First National Bank of Chicago, 180 U. S. 471, 21 S. Ct. 418, 45 L. Ed. 627.

"The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." Southern Pacific R. Co. v. United States, 168 U. S. 1, at page 48, 18 S. Ct. 18, 27 (42 L. Ed. 355).

It follows, I think, that, as the judgment and execution ensued or to ensue, are necessarily based upon the awards and orders upon which the Supreme Court has passed, and that, since they have been found valid, such judgments and executions thereon are also valid, and cannot be considered as trespasses against which this court may afford relief.

All of the matters made the basis of the bill, having been determined adversely to complainant, are res judicata, and this court has no jurisdiction to rehear them. The motion to dismiss will therefore be granted.