## UNITED STATES FIDELITY & GUARANTY CO. v. BLANKENHORN et al.

Circuit Court of Appeals, Ninth Circuit.
April 16, 1928.

No. 5326.

Judgment ⟨key⟩828(3)—Decision of state courts in compensation proceedings, imposing additional liability, held res judicata in insurance carrier's injunction suit in federal court.

Where state courts, having jurisdiction of subject-matter and of parties in compensation proceedings, imposed additional liability on insurance carrier, decision of state courts held res judicata in suit subsequently brought in federal court by insurance carrier, to enjoin execution of order imposing such liability.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Suit by the United States Fidelity & Guaranty Company against William Blankenhorn and others. Decree for defendants (22 F. [2d] 574), and plaintiff appeals. Affirmed.

Maxwell McNutt, J. H. Sapiro, and Horace W. B. Smith, all of San Francisco, Cal., for appellant.

W. F. Williamson, W. R. Wallace, Jr., Charles S. Wheeler, Jr., and Carrol A. Murphy, all of San Francisco, Cal., for appellees.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. The appellant, United States Fidelity & Guaranty Company, as insurance carrier for the Ford

Motor Company under the Workmen's Compensation Act of California (St. Cal. 1917, p. 831, as amended), became liable to the defendant, Blankenhorn, for an injury suffered by him in the course of his employment. On November 18, 1922, the Industrial Accident Commission, holding that the injury was permanent, awarded Blankenhorn a pension of $12.82 a week for the remainder of his life, and exempted appellant from liability for hospitalization and medical service. Subsequently, upon the petition of Blankenhorn, further proceedings were had, culminating, after much delay, in an order imposing upon appellant additional liability. Its petition for a rehearing in this latter proceeding having been denied, appellant, in the manner prescribed by the act, applied to the state District Court of Appeal for a reversal of the order, and later to the Supreme Court of the state. Both courts having decided adversely to its contention, and, process being threatened to enforce the order, it brought this suit to enjoin the execution thereof; its contention being that the order was void for want of jurisdiction.

We do not inquire into the grounds of such contention, for, having been duly submitted to the state courts, the question is thought to be res adjudicata. To hold otherwise would be to scuttle the whole doctrine of judicial estoppel. If it be appropriate to put forward authority for a proposition so elementary, Napa Valley Electric Co. v. Railroad Com., 251 U. S. 366, 40 S. Ct. 174, 64 L. Ed. 310; Id. (D. C.) 257 F. 197, may be cited as being directly in point. Cases like Simon v. Southern Ry. Co., 236 U. S. 117, 35 S. Ct. 255, 59 L. Ed. 492, where it is held that a judgment void on its face for want of jurisdiction of either the subject-matter or the person of the party aggrieved, are manifestly not in point, for admittedly both the District Court of Appeal and the Supreme Court had jurisdiction of the subject-matter and of the parties.

Judgment affirmed.