## WALLACE RANCH WATER CO. v. RAILROAD COMMISSION OF CALIFORNIA et al.

### No. 6264.

Circuit Court of Appeals, Ninth Circuit.

Feb. 16, 1931.

Rehearing Denied March 16, 1931.

H. B. McClure, of Visalia, Cal., and Freston & Files and James A. McLaughlin, all of Los Angeles, Cal., for appellant.

Arthur T. George, Ira H. Rowell, and Roderick B. Cassidy, all of San Francisco, Cal., for appellee Railroad Commission of California.

D. E. Perkins and Daniel McFadzean, both of Visalia, Cal., for appellee Foothill Ditch Co.

Before RUDKIN and WILBUR, Circuit Judges, and SAWTELLE, District Judge.

RUDKIN, Circuit Judge.

The Foothill Ditch Company is a corporation organized and existing under the laws of the state of California, and for many years last past has been, and now is, engaged in the business of transporting and delivering water to consumers along the course of its canal for compensation. It is a public utility, and, as such, is subject to regulation by the Railroad Commission of the state. The ditch company made application to the commission for an increase in rates, and upon such application the commission established a rate of 14 cents for each miner's inch flow of water for twenty-four hours. Thereafter, and within the time prescribed by law, the Wallace Ranch Water Company filed a petition for rehearing, which was granted. The grounds of the petition are thus stated in the opinion on rehearing filed by the commission:

"The Wallace Ranch Water Company contends that it has an adjudicated right to use three cubic feet of water per second from the water of the Kaweah River and the right to convey said three cubic feet of water free of charge through the present Foothill Ditch, a distance of approximately three miles; that, through its predecessors in interest, said Wallace Ranch Water Company, under a final judgment of the Superior Court of the County of Tulare, made and entered November 21, 1883, is the owner of an undivided one-third interest in the said ditch and right-of-way therefor from the Kaweah River to certain lands to which it now distributes water as a mutual water company, and that, as to this same section of the Foothill Ditch, the present Foothill Ditch Company is the owner of not to exceed the remaining undivided two-thirds thereof and has the right to convey its water therein to points below the lands served by the Wallace Ranch Water Company. Claiming the ownership of the above three second feet of water and also the ownership, as co-tenant, of a one-third undivided interest in a portion of the Foothill Ditch, the Wallace Ranch Water Company contends that the Commission has exceeded its jurisdiction in undertaking to adjudicate the extent of the water rights and ditch rights of the Foothill Ditch Company and the Wallace Ranch Water Company, and that the Commission furthermore has no jurisdiction to impose any charges whatsoever upon said latter company for the waters which it has received and is entitled to receive through said Foothill Ditch."

In disposing of this contention, and in denying the petition for rehearing, the commission said:

"The service rendered by the Foothill Ditch Company is in some respects peculiar and different from the type of service usually rendered by a public utility irrigation system. The Foothill Ditch Company has the right to divert waters from the Kaweah River and to transport such waters so diverted for the various consumers living along the banks of its canal. The consumers along the Foothill Ditch have themselves acquired by purchase or otherwise, generally through water right agreements, the rights to specific amounts of water from the ditch, said amounts of water being in practically all cases appurtenant to and running with specific parcels or tracts of land. As to these consumers, the company acts merely in the nature of a transporting medium for waters, the ownership of which has been vested in its consumers. * * *

"In this respect these consumers are in identically the same position as the Wallace Ranch Water Company, which also claims the right to the waters which are diverted by the Foothill Ditch for its use. Therefore, in so far as the ownership of the water rights is concerned, there is no basis for any difference in the charges made to the Wallace Ranch Water Company from those made to the other consumers."

Thereafter, and within the time allowed by law, the Wallace Ranch Company applied to the Supreme Court of the state for a writ of certiorari, or review, for the purpose of having the lawfulness of the original order or decision and the order or decision on rehearing inquired into and determined. The application to the Supreme Court was based on the contentions made before the commission on petition for rehearing, namely, that the order or decision of the commission was arbitrary, confiscatory, and void, in that it required the applicant to pay for the privilege of transporting its own water through a ditch which it owned in common with the ditch company, thus depriving it of its property and rights without just compensation and without due process of law, and denying to it the equal protection of the law, in violation of the Constitution of the United States.

The Railroad Commission answered the application or petition for the writ of review, and the same was denied by the Supreme Court, without an opinion. While not material, perhaps we might add that a petition for rehearing was likewise denied.

Thereafter the Wallace Ranch Water Company instituted the present suit in the court below, challenging the validity of the order of the commission upon the same grounds and for the same reasons advanced before the commission on the petition for rehearing and before the Supreme Court on the application for a writ of review. The court below ruled that the decision of the Supreme Court of the state on the application or petition for a writ of review was res adjudicata, and the complaint was therefore dismissed. From the decree of dismissal this appeal was prosecuted.

It is well settled that the denial of a petition for review by the Supreme Court of the state in this class of cases is in effect an affirmance of the order sought to be reviewed. Napa Valley Elec. Co. v. R. R. Com. (D. C.) 257 F. 197, affirmed under same title, 251 U. S. 366, 40 S. Ct. 174, 64 L. Ed. 310. And, if the denial of the petition is an affirmance of the order on the merits, it would seem that it is likewise an affirmance of the right of the petitioner to invoke the jurisdiction of the Supreme Court. If so, that affirmance involved the construction of a statute of the state, and that construction is binding on a federal court sitting within the state.

But the appellant suggests that the denial of the petition for review may have been for want of jurisdiction, and in that event there was no former adjudication on the merits. It seems hardly conceivable that the Supreme Court of the state would deny a petition on jurisdictional grounds without so stating, in the face of the established rule that such a decision is equivalent to an affirmance of the order. But, if the question of the jurisdiction of the Supreme Court is an open one, the challenge to the jurisdiction is without merit. The contention in brief is that the appellant had no right to file a petition for a rehearing before the Railroad Commission, and that the filing and denial of such a petition was necessary before the Supreme Court could acquire jurisdiction. Therefore it is urged that there was in law no petition for rehearing before the Commission, and consequently no jurisdiction in the Supreme Court to review the order. But the right of the appellant to petition the Railroad Commission for a rehearing would seem too clear to admit of discussion. In the original order the commission found that the appellant stood in the same relation to the utility as any other consumer or user, and should pay the same rates and charges. This decision was adhered to on the rehearing. The appel-

lant therefore stood in relation to the utility in the same position as any other user or consumer, and was entitled to the same rights and remedies. An application for an increase in rates is made to the commission ex parte, and, while those affected by the rates are not parties to the proceeding in name, they are in legal effect, and are bound by the rates established. They therefore have a right to petition the commission for a rehearing and to petition the Supreme Court for a review if the petition for rehearing is denied. Clemmons v. Railroad Commission, 173 Cal. 254, 159 P. 713. For these reasons, the adjudication by the state court was binding upon the appellant, subject only to a review by the Supreme Court of the United States.

Finally, the appellant suggests that it at least had a right to have its title quieted, upon the theory that, when the jurisdiction of a federal court is properly invoked because of a federal question, that jurisdiction extends to every question in the case, whether federal or nonfederal. This is no doubt the rule, but here there was no basis whatever for invoking the jurisdiction of the federal court in the first instance, because the identical right asserted had been repeatedly decided by the Supreme Court adversely to the contention made by the appellant. Under such circumstances, the federal question has ceased to be one of substance, and the federal court is without jurisdiction for any purpose. Fukunaga v. Territory of Hawaii (C. C. A.) 33 F.(2d) 396; Kimbrel v. Territory of Hawaii (C. C. A.) 41 F.(2d) 740.

The decree is affirmed.