## FINN et al. v. RAILROAD COMMISSION OF STATE OF CALIFORNIA et al.

### No. 3485 K.

District Court, N. D. California, S. D. March 7, 1933.

---

892

Herbert N. De Wolfe, of San Francisco, Cal., for plaintiffs.

Arthur T. George, Ira H. Rowell, and Roderick B. Cassidy, all of San Francisco, Cal., for defendant Railroad Commission and for other defendants sued individually as members thereof.

Erwin P. Werner, City Atty., and Joseph T. Watson, Deputy City Atty., both of Los Angeles, Cal., for Board of Public Utilities and Transportation of City of Los Angeles, and for other defendants sued individually as members thereof.

Before WILBUR, Circuit Judge, and ST. SURE and KERRIGAN, District Judges.

PER CURIAM.

This matter is before a three-judge court upon motions to dismiss the amended bill of complaint and to dissolve the temporary restraining order in behalf of the several defendants, upon an order to show cause why an interlocutory injunction should not be issued, and upon the merits, the defendants having answered without waiving their rights under the motion to dismiss. While we believe that there is merit in the motion to dismiss and that it should be granted, the matter is also before us upon the merits, and the time of this court and of the litigants will be saved by a final disposition of the case at this time.

Disregarding the infirmities of the pleading in the amended bill, plaintiffs contend that their rights under the Constitution of the United States are violated by three orders of the California Railroad Commission acting under section $2\frac{1}{4}$ of the Public Utilities Act as added by St. 1927, p. 72, § 1, and section $50\frac{1}{4}$ as added by St. 1927, p. 72, § 3 as amended by St. 1931, p. 2598, of the state of California, and under chapter 638 of the California Statutes of 1931, p. 1362. They seek to enjoin the enforcement of these orders by the several defendants named herein by the institution of criminal proceedings. The first order complained of is the denial on October 21, 1931, of plaintiffs' application for a certificate of public convenience and necessity to operate an automobile passenger stage between San Francisco and Los Angeles. The second is that part of the order of December 27, 1932, requiring defendant William Finn to cease and desist his operations as a common carrier of passengers unless a certificate of public convenience be first issued to him. The third is that part of the order of December 27, 1932, requiring that plaintiffs cease and desist their operations as motor-carrier transportation agents unless and until they obtain licenses to act as such as required by law.

Plaintiffs have been operating a passenger transportation business by automobile between San Francisco and Los Angeles for the past seven or eight years. They maintained an office which also served as a depot in a residence in San Francisco. There transportation was arranged and passengers were picked up; Mrs. Finn was in charge of this phase of the enterprise. The address of this place and the phone number were given in advertisements in the San Francisco daily papers and in cards distributed by plaintiffs at hotels and elsewhere. Transportation was

furnished in defendant William Finn's own car or in one of a small fleet of passenger automobiles operating under plaintiffs' direction. These cars were apparently owned by their drivers, but the cars were ordered out and the trips supervised by the Finns. Sometimes one car would pick up passengers at hotels and residences, take them to the headquarters of the Finns, and there they would be transferred to the car in which the trip was made. Sometimes several cars would be dispatched in a day, depending on the number of people applying for transportation. The fare fluctuated between $3.50 and $5 for a one-way trip; if other drivers made the trip they paid plaintiffs $1 and kept the balance of the fare. At Los Angeles plaintiffs had several booking agents who arranged for passengers for the return trip to San Francisco.

■ The first order complained of was made in the proceedings on plaintiffs' application in 1931 for a certificate of public convenience and necessity to operate a passenger stage service between San Francisco and Los Angeles. The Railroad Commission commented therein on the fact that plaintiffs had been engaged in such a business in violation of the law but confined its order to a denial of the certificate of public convenience. Plaintiff contends that any citizen has a right to a certificate of public convenience and necessity to operate a passenger stage service, claiming that the refusal to grant it is a discrimination and denial of their rights under the "equal protection of the law" clause of the Fourteenth Amendment to the Constitution of the United States. The Railroad Commission of California undoubtedly has the power in behalf of the state to regulate the carriage of passengers by common carriers upon the public highways of the state and to grant or withhold permission therefor, which permission is in effect a franchise. Frost & Frost Trucking Co. v. Railroad Commission of California, 271 U. S. 583, 46 S. Ct. 605, 609, 70 L. Ed. 1101, 47 A. L. R. 457. This order is, moreover, res judicata since a petition for writ of review was denied by the Supreme Court of California January 11, 1932, and a petition for writ of certiorari was denied by the Supreme Court of the United States May 31, 1932. Finn et al. v. Railroad Commission of California, 286 U. S. 559, 52 S. Ct. 646, 76 L. Ed. 1293; Napa Valley Electric Co. v. Railroad Commission (D. C.) 257 F. 197, affirmed 251 U. S. 366, 40 S. Ct. 174, 64 L. Ed. 310; Wallace Ranch Water Co. v. Railroad Commission (C. C. A.) 47 F.(2d) 8.

■ The second order complained of is that portion of the order of December 27, 1932, which ordered plaintiff William Finn to cease and desist operating as a common carrier of passengers. This order was made after an investigation initiated by the Railroad Commission and a hearing thereon; the testimony taken at this hearing has been introduced as evidence in the present case. The order is based on an express finding that William Finn was acting as a common carrier of passengers for compensation over the public highways of California. A review of the evidence introduced before the commission shows that this finding was supported by the evidence and that no constitutional rights of the plaintiff to operate as a private carrier were violated. It is settled law that a state may regulate private carriers of passengers on its highways, but it may not impose upon them the burdens and obligations of common carriers nor may it regulate them as common carriers. Frost & Frost Trucking Co. v. Railroad Commission, supra. It is obvious from the testimony that plaintiff held himself out to the public by advertisements and solicitation as offering transportation by automobile between San Francisco and Los Angeles and maintained a fairly regular schedule. The drivers of the other cars were really agents and employees of plaintiff William Finn, who was in reality acting as the head of an automobile transportation system performing the functions of a common carrier. The claimed differences between plaintiff's conduct and that of a common carrier are mere subterfuges to conceal his operation as such common carrier. At the time of his application for a certificate of public convenience, William Finn substantially conceded that he was operating as a common carrier, and his method of operation had not changed at the time of the hearing on which the order of December 27, 1932, was based. The concluding sentence of Frost & Frost v. Railroad Commission, supra, is particularly applicable to this case. The Supreme Court said: " * * * We are not to be understood as challenging the power of the state, or of the Railroad Commission under the present statute, whenever it shall appear that a carrier, posing as a private carrier, is in substance and reality a common carrier, to so declare and regulate his or its operations accordingly."

Since plaintiff William Finn was in fact operating as a common carrier, it is unnecessary to consider whether section 50¼ of the Public Utilities Act of California violates any constitutional rights he might have if he

were operating as a private carrier. Should he cease operating as a common carrier and operate as a private carrier, he could set that fact up in any proceeding brought against him in the California courts based on the order of the Railroad Commission.

In reaching the conclusion that plaintiff was operating as a common carrier, we have not considered the affidavit to the effect that he delivered copies of the restraining order granted in this case with cards identifying the bearer as his agent and employee to the drivers of the cars and to another transportation agent, for that relates to his actions subsequent to the order complained of.

The third order complained of is that portion of the order of December 27, 1932, which is based on a finding that plaintiffs were operating as motor carrier transportation agents within the meaning of. section 1 of chapter 638, p. 1362, of the Statutes of California of 1931, requiring that they cease and desist acting as such until they shall have first obtained the license required by law. Plaintiffs have never sought a license to engage in this business; there is therefore no question of a violation of their constitutional rights by an arbitrary order refusing a license. We do not believe that the statute is unconstitutional under the Fourteenth Amendment as unfair or discriminatory in and of itself. It is claimed that the requirement that the transportation agent furnish a bond which "shall assure faithful performance of any contract or agreement of transportation negotiated by or entered into by the licensee" (section 5 of chapter 638, p. 1364 of Statutes of 1931) is an unreasonable burden upon the business of motor carrier transportation agents. These agents arrange transportation by drivers who are operating independently and who often have no financial responsibility. The only effective way of assuring the performance of their contracts is through control of the licensed agents. Such a provision to meet the known conditions prevailing on the highways of California at the present time is a valid exercise of the police powers of the state. As to the claim of unconstitutionality under the Constitution of California, in that the chapter embraces more than one subject and that subject is not expressed in its title as required by section 24 of article 4 of said Constitution, we find that all of its provisions are germane to a single subject, the regulation of motor carrier transportation agents, and that the section is not violated. Heron v. Riley, 209 Cal. 507, 289 P. 160. The oth-

er objections raised are as to mere details of administration of the act and do not merit detailed consideration. The matters complained of will undoubtedly be clarified in the decision of a case now pending before the Supreme Court of California.

We find that none of the three orders complained of violates the constitutional rights of plaintiffs. In view of the discussion of the facts and law in this opinion, no formal findings of fact and conclusions of law will be necessary and this opinion is adopted in lieu thereof.

The preliminary restraining order issued herein should be dissolved, and it is ordered that the same be, and it is hereby, dissolved. The order to show cause why an interlocutory injunction should not issue herein is ordered discharged. Let a decree be entered herein for the defendants, with costs of suit.

CURTIS D. WILBUR,
Circuit Judge.
A. F. ST. SURE,
District Judge.
FRANK H. KERRIGAN,
District Judge.