## BETTS v. RAILROAD COMMISSION OF STATE OF CALIFORNIA.

### No. Z-6-C.

District Court, S. D. California, Central Division.

Sept. 5, 1933.

W. Frank Shelley and Kirtland I. Perky, both of Los Angeles, Cal., and Ralph W. Eckhardt, of San Bernardino, Cal., for plaintiff.

Arthur T. George, Ira H. Rowell, and Roderick B. Cassidy, all of San Francisco, Cal., for defendant.

Before WILBUR, Circuit Judge, and McCORMICK and COSGRAVE, District Judges.

COSGRAVE, District Judge.

Plaintiff filed his bill of complaint on January 25, 1933, to enjoin the Railroad Commission of the State of California and its officers from enforcing two certain orders heretofore made by the Commission directed against plaintiff and, pending the hearing of the case, to grant an interlocutory injunction. Since plaintiff thus sought to restrain the execution of an order of an administrative board acting under the statutes of the state, the application for interlocutory injunction was heard by three judges. 28 US CA § 380. The motion of the Railroad Commission to dismiss the bill was heard at the same time.

Plaintiff, a truck operator, was cited before the Railroad Commission upon a complaint duly filed for operating trucks as a common carrier without a certificate of public convenience and necessity required by the Public Utilities Act of California. St. Cal. 1915, p. 115, as amended.

At the hearing before this court, at which plaintiff's application for an interlocutory injunction was heard, it appeared from the allegations of the plaintiff's bill and the return to the order to show cause issued by this court against the Railroad Commission, that on complaint filed with the Commission against plaintiff, and after a full hearing thereon, it was found by the Commission that plaintiff was operating as a common carrier, and by order entered on November 23, 1931, he was required to obtain the necessary certificate of public convenience and necessity or to cease operations. This order is Decision of the Railroad Commission No.

24255, being one of the two orders, enforcement of which plaintiff seeks to enjoin. No review of this decision was sought in the manner prescribed in the Public Utilities Act or otherwise.

On April 7, 1932, in appropriate proceedings before the Railroad Commission an order was issued against defendant requiring him to show cause why he should not be punished for contempt for failure to obey order No. 24255. Plaintiff appeared to this order, hearing was duly had, and on September 12, 1932, he was adjudged guilty of contempt and certain penalties were imposed upon him. This decision of the Railroad Commission is No. 25177, and is the second order, enforcement of which plaintiff seeks to enjoin in this action. He thereupon filed a petition before the Commission for a review of this order, No. 25177, and after denial of the same by the Commission he filed a petition before the Supreme Court of the State of California praying for a review of both orders. This procedure is in accordance with the provisions of the Public Utilities Act mentioned. His petition was denied by the Supreme Court of California on December 15, 1932 (S. F. 14812).[1]

On December 27, 1932, a further order was issued against the plaintiff by the Railroad Commission requiring him to show cause why he should not again be punished for contempt for failure to comply with the original order of the Commission, being that No. 24255, of November 23, 1931. This proceeding is still pending before the Commission.

On January 9, 1933, while petitioner was in custody under the contempt order of September 12, 1932, he filed a petition for writ of habeas corpus before the Supreme Court of California on the ground that his imprisonment under the order of the Railroad Commission was unlawful. This petition, involving as it did the same grounds theretofore presented to the Supreme Court of California in support of his petition for review of the order under which he was punished for contempt, was denied by the Supreme Court of California on January 12, 1933.[1] In the meantime the penalty imposed by the Commission's order of September 12, 1932, has been satisfied by plaintiff. In his bill of complaint before this court, after alleging illegality of the two several orders mentioned, he sets forth that the Railroad Commission intends again to impose oppressive orders and punishment upon him under its latest order to show cause which, as heretofore suggested, is still pending before the Commission.

It is plain therefore that plaintiff presents here the identical questions passed upon by the Supreme Court of California, and the decision of that court is now final, and the matters therein adjudged cannot again be presented to any court for determination. This is the conclusion of the United States Supreme Court in Napa Valley Electric Co. v. Railroad Commission, 251 U. S. 366, 40 S. Ct. 174, 64 L. Ed. 310, a case involving the precise question presented here. The same jurisdictional question is decided by the Circuit Court of Appeals of the Ninth Circuit in Wallace Ranch Water Co. v. Railroad Commission, 47 F.(2d) 8. We regard the question as settled by the two decisions named.

The application for interlocutory injunction is therefore denied, and defendant's motion to dismiss the bill is granted.

McCORMICK, District Judge, concurs.

WILBUR, Circuit Judge (concurring).

I concur. Plaintiff's contention throughout has been that he is acting as a private, and not as a public carrier. That matter was decided adversely to him in the litigation before the Railroad Commission and before the state Supreme Court. He correctly contends that the jurisdiction of the Railroad Commission is confined to public carriers and that it has no jurisdiction over private carriers. It does, however, have jurisdiction to determine whether or not a carrier is public or private. Such determination is essential to the exercise of its jurisdiction. The Supreme Court of the state has power to review the matter of the jurisdiction of the Railroad Commission. The present attack upon the orders of the Railroad Commission and of the state Supreme Court are collateral, and in such a proceeding the determination of the state court upon the question of jurisdiction is conclusive. In addition to the cases cited upon this point by Judge COSGRAVE, the recent decision of the Supreme Court in American Surety Company v. Baldwin (Baldwin v. American Surety Company), 287 U. S. 156, 53 S. Ct. 98, 77 L. Ed. 231, 86 A. L. R. 298, and Johnson v. Manhattan R. Co., 289 U. S. 479, 53 S. Ct. 721, 77 L. Ed. 1331, may be cited.

---

[1] No opinion filed.