[No. G035400. Fourth Dist., Div. Three. June 20, 2006.]

JUDITH CHAMBERS, Plaintiff and Respondent, v.
KIM MILLER et al., Defendants and Appellants.

COUNSEL

Christopher L. Blank for Defendants and Appellants.

Eadington, Merhab & Eadington, Margot M. Nelson, David A. Sprowl and KD Hughes for Plaintiff and Respondent.

OPINION

**ARONSON, J.**—Defendants Kim Miller and Julie Scharnell appeal an order denying their special motion to strike brought under the anti-SLAPP statute.[1] (Code Civ. Proc., § 425.16.)[2] They contend the trial court erred by ruling it could not award attorney fees under the statute because defendants filed their special motion to strike after plaintiff Judith Chambers dismissed her claims against them. Chambers contends the dismissal deprived the trial court of jurisdiction to grant attorney fees under the statute.

---

[1] SLAPP is an acronym for strategic lawsuit against public participation, first coined by two University of Denver professors. (See Comment, *Strategic Lawsuits Against Public Participation: An Analysis of the Solutions* (1990–1991) 27 Cal. Western L.Rev. 399.)

[2] All further statutory references are to the Code of Civil Procedure.

Because we conclude the trial court properly denied fees under the anti-SLAPP statute, we do not reach the jurisdiction issue. Section 425.16, subdivision (c), provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." In enacting this section, the Legislature intended a prevailing defendant to recover attorney fees incurred only in dismissing the claims, not all fees expended in defending against the action. Because Chambers dismissed her claims against defendants before their motion to strike was filed, the motion was unnecessary and served no purpose. Thus, defendants were not the "prevailing defendant[s] on a special motion to strike" under subdivision (c). We therefore affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

Defendants' children attended Newport Heights Elementary School in 2003. Defendants, dissatisfied with Chambers's performance as school principal, spoke against her at meetings organized by the school district. Chambers was eventually removed as principal, and as a result, she sued the school district, several of its employees, defendants, and another parent who also spoke out against her at the district meetings. Chambers's cause of action against defendants alleged they uttered defamatory statements at the school district meetings concerning Chambers's performance as principal.

Asserting protection under the anti-SLAPP statute, defendants requested Chambers dismiss them from the lawsuit and pay their attorney fees. The parties attempted to resolve the matter informally, but failed to reach an agreement. After the lawsuit had been pending for almost two months, the trial court granted an anti-SLAPP motion brought by another codefendant parent, who also had spoken out at the district meetings. Two days later, Chambers unilaterally dismissed her claims against defendants without prejudice, but did not dismiss her claims against the district and its employees. Four days later, defendants filed a special motion to strike under the anti-SLAPP statute, seeking attorney fees and costs expended in connection with the action.

The trial court denied the motion, concluding the statute did not authorize an award of attorney fees sought after dismissal. Defendants now appeal.

## II

### Standard of Review

An order denying an anti-SLAPP special motion to strike is appealable under sections 425.16, subdivision (i), and 904.1. We review the order de novo. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 999 [113 Cal.Rptr.2d 625].)

## III

### Discussion

The anti-SLAPP statute provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) An act in furtherance of the right of free speech includes "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

The anti-SLAPP statute arose from the Legislature's recognition that SLAPP suit plaintiffs are not seeking to succeed on the merits, but to use the legal system to chill the defendant's first amendment right of free speech. (*Liu v. Moore* (1999) 69 Cal.App.4th 745 [81 Cal.Rptr.2d 807] (*Moore*).) Thus, the statute notes: "The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly." (§ 425.16, subd. (a).)

To prevail on an anti-SLAPP motion, the movant must first make " 'a threshold showing that the challenged cause of action' arises from an act in

furtherance of the right of petition or free speech in connection with a public issue." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192 [25 Cal.Rptr.3d 298, 106 P.3d 958].) Once the movant meets this burden, the plaintiff must demonstrate " 'a probability of prevailing on the claim.' " (*Ibid.*) The court must strike the cause of action if the plaintiff fails to meet this burden. (*Ibid.*) Subdivision (c) of section 425.16 provides: "[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5."

The question before us is whether a court may award attorney fees under the anti-SLAPP statute when the plaintiff dismissed all of her claims against the moving defendants before they filed their special motion to strike. Defendants answer affirmatively, arguing the recovery of fees furthers the Legislature's intent in deterring plaintiffs from chilling free speech by filing unmeritorious lawsuits.[3] We disagree.

In construing the anti-SLAPP statute, " 'we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law . . . .' " (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733 [3 Cal.Rptr.3d 636, 74 P.3d 737].) "When the language of a statute is clear and unambiguous, there is no need for interpretation and we must apply the statute as written." (*Lafayette Morehouse, Inc. v. Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379, 1382 [46 Cal.Rptr.2d 542] (*Lafayette*).)

Section 425.16, subdivision (c), authorizes attorney fees only to "a prevailing defendant on a special motion to strike." As the trial court recognized, the primary purpose of a special motion to strike is to expeditiously dispose of meritless claims infringing on a party's free speech rights. If these claims are dismissed *before* an anti-SLAPP motion is filed, there is nothing left for the court to strike. Thus, the defendant, although possibly prevailing on the claims, has not prevailed "on a special motion to strike." Defendants rely on the Legislature's 1997 amendment to the statute's preamble, stating that section 425.16 "shall be construed broadly." (§ 425.16, subd. (a).) A statute's preamble, however, does not override its plain operative

---

[3] Chambers contends a trial court loses jurisdiction to award attorney fees under the anti-SLAPP statute if dismissal occurs before the motion is filed. This precise issue is not addressed in any published opinion, although the California Supreme Court has granted review in a similar case to consider the following question: "Does a trial court have jurisdiction to consider a motion for attorney fees under Code Civil Procedure section 425.16 if the action was voluntarily dismissed before the special motion to strike was filed?" (*S.B. Beach Properties v. Bert* (Cal.App.) review granted Oct. 27, 2004, S127513.)

language. (See *Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 480 [102 Cal.Rptr.2d 205].)

Our conclusion is bolstered by the Legislature's decision to allow the party prevailing on a special motion to strike to recover only those fees expended in connection with the motion, and not the entire action. (*Lafayette, supra,* 39 Cal.App.4th at p. 1383.) Specifically, the legislative history of the fees provision includes the following statement: " '[Senate Bill No. 1264] would provide attorney's fees and costs to a prevailing defendant in a motion to strike. [¶] . . . [¶] *The provision applies only to the motion to strike, and not to the entire action.*' " (*Ibid.*, citing Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1264 (1991–1992 Reg. Sess.) p. 5, italics added.) Thus, the anti-SLAPP statute's attorney fee provision is not designed to provide general monetary relief to SLAPP victims, but only reimbursement for the fees and costs actually incurred in obtaining the dismissal. Allowing a defendant to bring a motion to dismiss solely to obtain the fees incurred in preparing and filing the motion would create an anomaly virtually unprecedented in California statutory law. " 'It is a fundamental rule of statutory construction that statutes should be construed to avoid anomalies.' " (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 76 [124 Cal.Rptr.2d 519, 52 P.3d 695].) The trial court recognized this potential anomaly and properly interpreted the statute to avoid it.

We recognize a trial court may award attorney fees under the anti-SLAPP statute where the challenged claims are dismissed after the motion was filed, but before it has been heard. (See, e.g., *Pfeiffer Venice Properties v. Bernard* (2002) 101 Cal.App.4th 211 [123 Cal.Rptr.2d 647]; *Moore, supra,* 69 Cal.App.4th at 745; *Kyle v. Carmon* (1999) 71 Cal.App.4th 901 [84 Cal.Rptr.2d 303]; *Coltrain v. Shewalter* (1998) 66 Cal.App.4th 94 [77 Cal.Rptr.2d 600].) In such cases, the defendant filed the motion for a substantive purpose and, if meritorious, the trial court may consider defendant as "prevailing . . . on a special motion to strike." (§ 425.16, subd. (c).) Moreover, if a plaintiff could avoid attorney fees by simply dismissing shortly before the court heard the motion, "the plaintiff would have accomplished all the wrongdoing that triggers the defendant's eligibility for attorney's fees, but the defendant would be cheated of redress." (*Coltrain,* at p. 107.) Consequently, we conclude the trial court did not err in declining to award defendants their attorney fees.

## IV

### DISPOSITION

The order is affirmed. The parties are to bear their own costs of this appeal.

Sills, P. J., and Fybel, J., concurred.