Filed 1/29/21  Noguera v. Hull CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ADONIS NOGUERA et al.,<br><br>　　　Cross-complainants and<br>　　　Appellants,<br><br>v.<br><br>DAVID J. HULL,<br><br>　　　Cross-defendant and<br>　　　Appellant. | A157714<br><br>(Mendocino County<br>Super. Ct. No. SCUK CVG-18-71292) |

David J. Hull appeals from a trial court order denying his motion to strike three paragraphs of Adonis Noguera and Sarah Noguera's cross-complaint under the anti-SLAPP[1] statute (Code of Civ. Proc., § 425.16).  He contends these paragraphs constitute an unlabeled claim for slander of title and is based on protected activity.  The Nogueras also appeal from a portion of the trial court's order concluding Hull's special motion to strike was not frivolous and denying their request for attorney fees and costs.  The Nogueras

---

[1] "SLAPP is an acronym for 'strategic lawsuit against public participation.' " (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)

also filed a motion for sanctions, alleging Hull's appeal is frivolous. We affirm the order and deny the motion for sanctions.[2]

## I. BACKGROUND

### A. *Factual Background*

The operative facts are taken from Hull's amended complaint, the Nogueras' cross-complaint, and evidence submitted in connection with Hull's anti-SLAPP motion. (See *Miller v. Zurich American Ins. Co.* (2019) 41 Cal.App.5th 247, 250.)

Hull and the Nogueras own adjacent parcels of real property. A gate and private road provide the only access to Hull's, the Nogueras', and a third party's properties. Hull contends the parties verbally agreed to make certain improvements to the gate and road and share the costs of doing so. The Nogueras assert no agreement was ever reached. The Nogueras subsequently refused to pay for any portion of the improvements.

Following these improvements, Hull applied to the Mendocino County (County) Planning Commission for a boundary line adjustment for certain parcels of his property. As part of that application, he submitted a map of the "existing" parcel configuration and the "proposed" parcel configuration. The Nogueras objected to the application, but the County ultimately approved Hull's application.

---

[2] On November 4, 2020, the Nogueras filed a request for judicial notice of various filings in a related matter, *D&J Investments, LLC v. Noguera* (Super. Ct. Mendocino County, No. SCUK CVG 18-71805), and certain filings in this matter in connection with their motion for sanctions. Hull objected to this request to the extent the Nogueras rely on these documents to support their appellate briefs but does not object to this court considering them for purposes of the Nogueras' sanctions motion. We take judicial notice of these documents as "[r]ecords of . . . any court of this state" for the sole purpose of the Nogueras' motion for sanctions. (Evid. Code, § 452, subd. (d)(1).)

## B. Procedural Background

Hull filed the operative amended complaint against the Nogueras for breach of contract, fraud, negligent misrepresentation, common count, unjust enrichment, and punitive damages based on the Nogueras' alleged failure to pay their share of the improvement costs.

In response, the Nogueras filed a cross-complaint, alleging slander of title, declaratory relief, and trespass, and sought to quiet title to easements on their property. Paragraphs 11 and 12 alleged Hull made false statements in his application to the County regarding access to certain parcels. Paragraph 17 also alleged Hull's application contained a false statement regarding his right to cross the Nogueras' property to access certain parcels.[3] The slander of title claim incorporated these prior allegations and contended Hull slandered title to their parcel.

Hull informed the Nogueras the allegations regarding his application to the County, upon which the slander of title cause of action was based, were privileged pursuant to Civil Code section 47, subdivision (b). Hull also demanded the Nogueras remove paragraphs 11, 12, and 17, and the prayer for relief as to the slander cause of action from the cross-complaint. The Nogueras subsequently dismissed without prejudice the cause of action for slander of title. They did not remove the identified paragraphs or the corresponding prayer.

Hull filed a special motion to strike portions of the cross-complaint pursuant to Code of Civil Procedure section 425.16 (anti-SLAPP motion). He also filed a general motion to strike the same allegations pursuant to section 435. Both motions requested the court strike three paragraphs of the

---

[3] References to paragraphs 11, 12, and 17 are to those paragraphs in the cross-complaint.

3

cross-complaint and a corresponding request in the prayer for relief that Hull alleged related to the slander of title claim but were not encompassed within the labeled cause of action.

In connection with the anti-SLAPP motion, Hull asserted the anti-SLAPP statute could be used to challenge allegations in a complaint, his statements to the County constituted protected activity, and the Nogueras could not demonstrate a probability of prevailing. The general motion to strike asserted the paragraphs at issue constituted " 'irrelevant, false, or improper' material," involved privileged statements, and thus were improperly included in the cross-complaint.

The Nogueras opposed the motions. They argued the anti-SLAPP statute only applies to causes of action and not mere allegations. They further argued Hull's motion contained "so many obvious, material defects" that the court should find it frivolous and award costs and attorney fees to the Nogueras.

Following a hearing, the trial court granted Hull's general motion to strike paragraphs 11, 12, and 17 from the cross-complaint but denied his anti-SLAPP motion.[4] It further concluded the anti-SLAPP motion was not frivolous and denied the Nogueras' request for attorney fees and costs.

Hull subsequently appealed from the trial court's denial of his anti-SLAPP motion. The Nogueras also filed a notice of cross-appeal from the portion of the trial court's order finding the anti-SLAPP motion not frivolous and denying their request for attorney fees and costs.

---

[4] The order granting Hull's general motion to strike is not at issue in this appeal.

4

## II. DISCUSSION

### A. *Standard of Review*

Code of Civil Procedure[5] section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." A motion under this provision is commonly known as an "anti-SLAPP motion." (*Jarrow Formulas, Inc. v. LaMarche, supra*, 31 Cal.4th at p. 732.) The purpose of such motions is "to provide 'for the early dismissal of unmeritorious claims filed to interfere with the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.' [Citation.] The statute is to 'be construed broadly.' " (*Simmons v. Bauer Media Group USA, LLC* (2020) 50 Cal.App.5th 1037, 1043 (*Simmons*).)

" 'We review de novo a trial court's decision on an anti-SLAPP motion. [Citation.] The anti-SLAPP statute requires a two-step process: "At the first step, the moving defendant bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them . . . . If the court determines that relief is sought based on allegations arising from activity protected by the statute, the second step is reached. There, the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated. The court, without resolving evidentiary conflicts, must determine whether the plaintiff's showing, if accepted by the trier of fact, would be sufficient to

---

[5] All further statutory references are to the Code of Civil Procedure.

sustain a favorable judgment.  If not, the claim is stricken." [Citation.]  In making these determinations the court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." ' " (*Simmons*, *supra*, 50 Cal.App.5th at p. 1043.)

## B.  *The Anti-SLAPP Motion*

### 1.  *Hull's Appeal*

"The anti-SLAPP statute applies only to a 'cause of action . . . arising from' acts in furtherance of the defendant's constitutional right of petition or free speech in connection with a public issue . . . ." (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 186.)  Although the Nogueras dismissed their slander of title claim, Hull contends the remaining allegations—although not part of any enumerated cause of action—amount to a claim for relief.

At issue is whether the phrase "cause of action" in the anti-SLAPP statute encompasses general allegations unassociated with any identified cause of action.  "Our fundamental task when interpreting a statute is to determine the Legislature's intent.  We begin by examining the statute's plain language.  If the plain language clearly demonstrates the Legislature's intent, then we go no further in our examination.  [Citation.]  In assessing the Legislature's intent when the plain language is unclear, we ' "may consider other aids, such as the statute's purpose, legislative history, and public policy." ' " (*Changsha Metro Group Co., Ltd. v. Xufeng* (2020) 57 Cal.App.5th 1, 7.)

Here, we need not go further than the plain language of the statute.  As the California Supreme Court commented, "[t]he scope of the term 'cause of action' in section 425.16[, subdivision] (b)(1) is evident from its statutory context." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 395 (*Baral*).)  "When the

6

Legislature declared that a 'cause of action' arising from activity furthering the rights of petition or free speech may be stricken unless the plaintiff establishes a probability of prevailing, it had in mind *allegations of protected activity that are asserted as grounds for relief*. The targeted claim must amount to a 'cause of action' in the sense that it is alleged to justify a remedy." (*Ibid*.)

Hull contends the allegations contained in paragraphs 11, 12, and 17 meet this standard. However, he fails to identify any authority in which a court considered allegations—separate and apart from any enumerated cause of action—subject to the anti-SLAPP statute. Nor are we aware of such authority.

Instead, Hull cites various cases to argue that claims in a pleading are not limited to allegations organized or labeled as a cause of action.[6] But these cases involve scenarios in which the plaintiffs had demonstrated an entitlement to relief based on certain facts but pled the wrong cause of action. (See, e.g., *Zellner v. Wassman* (1920) 184 Cal. 80, 87–88 [judgment of nonsuit erroneous when plaintiff failed to allege the proper legal claim but facts indicated right to relief]; *California Western States Life Ins. Co. v. Tucker* (1940) 15 Cal.2d 69, 71 [rejecting objection that form of the action is improper because it brought suit "for money had and received, instead of for damages"]; *Bank of America Nat'l Trust & Savings Asso. v. Gillett* (1940) 36 Cal.App.2d 453, 455 [plaintiff properly filed suit "for money 'then due' " although plaintiff also could have styled suit as one for declaratory relief].) They do not

_____

[6] Undoubtedly, the terms "claim" and "cause of action" are not necessarily synonymous. "A single cause of action can incorporate more than one claim; at the same time, a single claim can sometimes form the basis for more than one cause of action." (*Dziubla v. Piazza* (2020) 59 Cal.App.5th 140, 148, fn. 4.)

7

interpret the anti-SLAPP statute or assess what may constitute a "cause of action" thereunder.

Hull also contends *Baral*, *supra*, 1 Cal.5th 376, authorizes use of the anti-SLAPP statute to strike "offensive allegations" in a similar manner to a general motion to strike. We disagree with Hull's interpretation. In *Baral*, the California Supreme Court addressed the application of the anti-SLAPP statute to " 'mixed caus[es] of action,' " i.e., claims that are based on both allegations of protected activity and allegations of unprotected activity. (*Baral*, at p. 381.) It concluded "the Legislature's choice of the term 'motion to strike' reflects the understanding that an anti-SLAPP motion, like a conventional motion to strike, may be used to attack *parts of a count as pleaded*." (*Id.* at p. 393, italics added.) Thus, courts may rule on claims arising from protected activity, even if mixed with claims arising from unprotected activity in a single pleaded cause of action. (*Ibid.*) The Supreme Court explained its reasoning: "It is arbitrary to hold that the same claim, supported by allegations of protected and unprotected activity in a single cause of action, escapes review if the plaintiff shows a probability of prevailing on the allegations that are *not* covered by the anti-SLAPP statute." (*Id.* at pp. 392–393.)

The California Supreme Court then addressed the exact issue presented by Hull: namely, lower courts' concern that defendants may "target fragmentary allegations." (*Baral*, *supra*, 1 Cal.5th at p. 394.) The court discounted such concerns as "misplaced," explaining, "Assertions that are 'merely incidental' or 'collateral' are not subject to section 425.16. [Citations.] Allegations of protected activity that merely provide context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute." (*Ibid.*) Rather, an anti-SLAPP motion may only "be used to attack

8

*parts of a count as pleaded.*" (*Id.* at p. 393, italics added.) To the extent courts have stricken allegations, they have done so in connection with a pleaded count. (See, e.g., *Laker v. Board of Trustees of California State University* (2019) 32 Cal.App.5th 745, 759 [court struck "the defamation allegation from [plaintiff's] retaliation cause of action"]; *Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, 595 ["Plaintiffs' allegations that Defendants' speech and communicative conduct regarding the investigation are not incidental to—but integral to—Plaintiffs' complaint and each cause of action alleged therein"].)

Although not cited by either party, we find *Starview Property, LLC v. Lee* (2019) 41 Cal.App.5th 203 (*Starview*) instructive. In *Starview*, the plaintiff filed an initial complaint alleging claims for breach of contract, specific performance, and injunctive relief based upon the defendants' failure to sign a covenant in breach of a prior easement agreement. (*Id.* at p. 207.) The defendants did not file an anti-SLAPP motion to strike any of these causes of action. (*Ibid.*) The plaintiff subsequently filed an amended complaint, alleging the same basic facts but adding claims for breach of the implied covenant of good faith, negligent and intentional interference with easement, and private nuisance. (*Ibid.*) In response, the defendants filed an anti-SLAPP motion to strike the newly added causes of action or, alternatively, to strike certain factual allegations including ones that appeared in the original complaint. (*Ibid.*) The trial court denied the motion as untimely because the claimed protected activity was alleged in the original complaint and the motion was filed more than 60 days after the original complaint was served. (*Id.* at p. 208.) The Court of Appeal reversed, holding the defendants could not have previously brought a motion to strike the newly added causes of action because those claims did not exist in the

9

original pleading. (*Id.* at p. 209.) While the same factual allegations may have been pled in the original pleading, "the anti-SLAPP statute is directed at striking *causes of action*, not merely factual allegations." (*Ibid.*)

We agree with *Starview*'s interpretation of the anti-SLAPP statute— namely, mere allegations unconnected to an identified claim for relief encompassed in a cause of action are not subject to the anti-SLAPP statute. Only when those allegations are relied upon as the basis for an identified cause of action is the anti-SLAPP statute triggered. This interpretation is in accord with *Baral*, which emphasized allegations, alone, "cannot be stricken under the anti-SLAPP statute" because they must be alleged to "support[ ] a claim for recovery." (*Baral, supra*, 1 Cal.5th at p. 394.)

Here, the slander of title claim was dismissed by the Nogueras prior to Hull filing his anti-SLAPP motion. None of the remaining causes of action arise from the allegations in paragraphs 11, 12, or 17, and Hull does not contend otherwise. Accordingly, the allegations in paragraphs 11, 12, and 17 are not connected to any identified claim for relief, and the trial court properly denied Hull's special motion to strike.[7]

### 2. *The Nogueras' Appeal*

"Although a trial court's ruling on the propriety of an attorney fees award is generally reviewed under an abuse of discretion standard, the determination of whether the trial court had the statutory authority to make such an award is a question of law that we review de novo." (*Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 460.) "We review an order

---

[7] Because there is no "cause of action" to trigger application of the anti-SLAPP statute, we need not address either prong of the anti-SLAPP statute's two-step test.

10

on a request for attorney fees under section 425.16 for abuse of discretion." (*Workman v. Colichman* (2019) 33 Cal.App.5th 1039, 1056 (*Workman*).)

Under section 425.16, subdivision (c)(1), "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." Under subdivision (a) of section 128.5, "A trial court may order a party, the party's attorney, or both, to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay." Subdivision (b)(2) defines " 'Frivolous' " as "totally and completely without merit or for the sole purpose of harassing an opposing party." (§ 128.5, subd. (b)(2).) Punishment for frivolous actions " 'should be used most sparingly to deter only the most egregious conduct.' " (*Crews v. Willows Unified School Dist.* (2013) 217 Cal.App.4th 1368, 1381.)

### a. Whether Hull's Anti-SLAPP Motion Was Frivolous

The trial court did not abuse its discretion in concluding Hull's anti-SLAPP motion, while properly denied, was not frivolous. Hull acknowledged allegations of protected activity must be connected to a claim for relief. However, Hull divorces that concept from the statutory language applying the anti-SLAPP procedures to "causes of action." (See part II.B.1., *ante*.) As previously discussed, *Baral* did not alter the need for the allegations of protected activity to support a cause of action; rather, it acknowledged a cause of action may arise from both protected and unprotected activity, and the anti-SLAPP statute applies to that portion of the cause of action arising from protected activity. (*Baral*, *supra*, 1 Cal.5th at p. 393.)

11

While we affirm the trial court's order denying Hull's special motion to strike, we also recognize the allegations at issue here are not merely factual recitations. Rather, paragraph 17 also alleges Hull "is thus guilty of and liable to the Nogueras for slander of title, the damages for which include attorney fees." While this paragraph alone does not, in fact, trigger the provisions of the anti-SLAPP statute, we cannot conclude Hull's motion was completely devoid of any merit.

The Nogueras argue *S. B. Beach Properties v. Berti* (2006) 39 Cal.4th 374 (*S.B. Beach*) and *Chambers v. Miller* (2006) 140 Cal.App.4th 821 (*Chambers*) support their sanctions request because their dismissal of the first cause of action left " 'nothing . . . for the court to strike.' " Those cases are distinguishable. In *S.B. Beach*, the plaintiffs voluntarily dismissed their entire complaint before the defendants filed an anti-SLAPP motion. (*S.B. Beach*, at p. 378.) The court justified denying the defendants' subsequent request for attorney fees under the anti-SLAPP statute because, "Once plaintiffs dismissed their action no lawsuit existed for defendants to move against pursuant to section 425.16, subdivision (c)." (*S.B. Beach*, at p. 380.) Similarly, in *Chambers*, the plaintiff dismissed all her claims against certain defendants before they filed an anti-SLAPP motion. (*Chambers*, at p. 823.) The court explained, "If these claims are dismissed *before* an anti-SLAPP motion is filed, there is nothing left for the court to strike. Thus, the defendant, although possibly prevailing on the claims, has not prevailed 'on a special motion to strike' " so as to be entitled to attorney fees. (*Id.* at p. 825.) Unlike *S.B. Beach* and *Chambers*, the Nogueras did not dismiss the entire cross-complaint against Hull. Nor did they dismiss all of the allegations related to the slander of title claim. Rather, they only dismissed the numbered cause of action while leaving paragraphs 11, 12, and 17 intact,

which resulted in a degree of ambiguity regarding the propriety of the anti-SLAPP motion.

The Nogueras further assert Hull's motion was obviously inadequate because he (1) misstated the first prong of the anti-SLAPP statute, (2) ignored the text of section 425.16, and (3) submitted a short memorandum with limited citations to authority. None of these arguments justify the imposition of sanctions. Hull's motion properly quotes section 425.16, subdivision (b)(1) in the beginning of his anti-SLAPP argument, and nowhere in his discussion does he contend allegations of protected activity need not be connected to a claim for relief. To the contrary, his reply brief in support of the motion directly explains his position: "[S]ince [the allegations at issue] fully state a claim, they unquestionably fall squarely within the statute's parameters." Nor do the Nogueras cite any authority indicating a motion below a certain page length and containing few citations would automatically qualify as a frivolous motion. As discussed above, Hull's legal argument—while erroneous—is not "totally and completely without merit." (See § 128.5, subd. (b)(2).)

The Nogueras next contend *Workman*, *supra*, 33 Cal.App.5th 1039 and *Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534 support their position that Hull's anti-SLAPP motion was deficient to a point of frivolity. In both cases, the Court of Appeal concluded sanctions were appropriate because the moving parties either "ignored established case law without explanation or justification" (*Kleveland*, at p. 539) or asserted arguments rejected by "many cases" (*Workman*, at p. 1056). Here, however, the portion of paragraph 17 alleging liability against Hull presents a

13

sufficiently unique situation—one not directly addressed in case law—so as to render his argument nonfrivolous.[8]

The Nogueras also contend Hull ignored the dismissal of the first cause of action for slander of title, which resulted in the cross-complaint focusing on a purely private, contractual/tort-based dispute. The Nogueras analogize this matter to *Foundation for Taxpayer & Consumer Rights v. Garamendi* (2005) 132 Cal.App.4th 1375 (*Garamendi*) and *Moore v. Shaw* (2004) 116 Cal.App.4th 182 (*Moore*). In *Garamendi*, the plaintiff filed a petition for writ of mandate challenging an amendment to Proposition 103, the "Insurance Rate Reduction and Reform Act." (*Garamendi*, at pp. 1379–1380.) The petition alleged Mercury Insurance Group (Mercury) had previously attempted to pass a similar bill, which failed to become law, and had since provided significant monetary contributions to lawmakers in connection with the challenged amendment. (*Id.* at p. 1380.) Mercury subsequently sought leave to intervene and filed an anti-SLAPP motion. (*Id.* at p. 1381.) The trial court granted Mercury's ordinary motion to strike all references to Mercury from the petition as irrelevant and immaterial, but denied its anti-SLAPP motion and found it frivolous. (*Id.* at pp. 1383–1384.) On appeal, the court upheld the order finding Mercury's anti-SLAPP motion frivolous because the petition "contained no cause of action against Mercury and did not challenge Mercury's campaign contributions, i.e., its supposed 'political speech.' " (*Id.* at p. 1389.)

In *Moore*, the court found the defendant's anti-SLAPP motion frivolous because the complaint related to the drafting of a termination agreement

---

[8] Similarly, the Nogueras' argument that Hull had " 'no reasonable basis to rely on' *Baral*[, *supra*, 1 Cal.5th 376]" does not sufficiently justify sanctions for the reasons discussed above.

14

between private parties, which occurred years before any subsequent litigation. (*Moore, supra,* 116 Cal.App.4th at p. 199.) Accordingly, the court found her "underlying conduct clearly did not constitute an act in furtherance of the right to petition or free speech in connection with a public issue," and "the instant motion was totally devoid of merit." (*Id.* at p. 200.)

Here, however, Hull argues the dismissal did not eliminate the slander of title claim against him. Unlike in *Garamendi,* the complaint continued to allege wrongdoing by Hull including various allegations regarding slander of title. And, while we do not opine on the issue, the slander of title claim arguably arises from protected activity. These facts make the current dispute notably different from those presented in *Garamendi* and *Moore.*[9]

### b. *Whether Hull's Anti-SLAPP Motion Was Solely Intended to Cause Unnecessary Delay*

Section 425.16, subdivision (c)(1) also authorizes the award of costs and reasonable attorney fees if the court "finds that a special motion to strike is . . . solely intended to cause unnecessary delay . . . ." The Nogueras first contend the meritless nature of Hull's anti-SLAPP motion demonstrates it was brought for purposes of delay. But for the reasons discussed in parts II.B.1. and 2.a., *ante,* we disagree. The Nogueras next assert Hull's filing of a

---

[9] The Nogueras also argue this matter is comparable to various other cases. We disagree and find the cases on which they rely distinguishable. (See, e.g., *Central Valley Hospitalists v. Dignity Health* (2018) 19 Cal.App.5th 203, 206, 218 [complaint expressly excluded "any 'wrongs or facts arising from any peer review activities' "; court rejected anti-SLAPP motion noting, " 'If there are no acts alleged, there can be no showing that alleged acts arise from protected activity.' "]; *California Back Specialists Medical Group v. Rand* (2008) 160 Cal.App.4th 1032, 1037 [rejecting contention "that the attorney fees award is invalid because the court did not comply with the procedural requirements of section 128.5"].) Unlike the cases relied upon by the Nogueras, the issue in the pending matter is whether the allegations in paragraphs 11, 12, and 17 amount to a claim for relief.

lis pendens against the Nogueras' property the day after he filed his notice of appeal "provide[s] further pieces of the puzzle." The Nogueras do not expand on this theory or explain how the lis pendens is related to their cross-complaint or Hull's anti-SLAPP motion. Accordingly, the Nogueras have not demonstrated the anti-SLAPP motion was brought solely to cause unnecessary delay.

## C. *Motion for Sanctions*

We have the authority to impose sanctions on a party or an attorney for "[t]aking a frivolous appeal or appealing solely to cause delay." (Cal. Rules of Court, rule 8.276(a)(1).) "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.] [¶] However, any definition must be read so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal. An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions. Counsel should not be deterred from filing such appeals out of a fear of reprisals." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)

Here, Hull's appeal has not crossed the line from meritless to frivolous. The Nogueras reconstitute their arguments regarding the frivolity of Hull's anti-SLAPP motion and apply them to this appeal. For the same reasons we reject their argument that the anti-SLAPP motion was frivolous, we also reject them in connection with this appeal.

16

### III.  DISPOSITION

The order is affirmed.  The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(3).)

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

SANCHEZ, J.

A157714
*Noguera v. Hull*

18